UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CITY OF PHILADELPHIA et al.,

    Movants

vs.

BANK OF AMERICA CORPORATION et al.,

    Respondents.

Case No.: _____

# DECLARATION OF DAVID H. WOLLMUTH
# IN SUPPORT OF MOTION TO TRANSFER, OR IN
# THE ALTERNATIVE, TO QUASH SUBPOENA

DAVID H. WOLLMUTH declares under penalties of perjury under 28 U.S.C. § 1746 as follows:

1. I am a founding a partner at Wollmuth Maher & Deutsch LLP ("WMD") in New York, New York. We represent Plaintiff The City of Philadelphia in the action entitled, *The City of Philadelphia, et al. v. Bank of America Corporation, et al.*, 19-cv-1608 (JMF), currently pending in the United States District Court for the Southern District of New York ("Antitrust Class Action"). WMD is co-counsel with Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel")'s New York office in that case.

2. I submit this Declaration in support of Plaintiffs' motion to transfer, or in the alternative, to quash the non-party subpoena issued to Edelweiss Fund, LLC ("Edelweiss") by the defendants in the Antitrust Class Action (the "Motion"). The subject subpoena seeks information for the Antitrust Class Action that is protected by the attorney-client privilege and

the attorney work product doctrine.  Accordingly, WMD and Quinn Emanuel join in the Motion.  I have personal knowledge of the facts set forth herein, except where otherwise indicated.

3. In May 2016, I first communicated with Bjorn Johan Rosenberg, the Chairman of Blue Rose Capital Advisors, LLC in Minneapolis, Minnesota, an independent bond and swap advisory firm.  When he emailed me, Mr. Rosenberg used his email address at Blue Rose.  Mr. Rosenberg was seeking additional legal representation for Edelweiss, an entity he had formed in Delaware and wholly owned that had commenced a series of False Claims Act ("FCA") actions (also referred to as "*qui tam*" actions) on behalf of various states.  Prior to May 2016, neither I nor anyone else from my Firm knew Mr. Rosenberg or had communicated with him, or with anyone else at Blue Rose or Edelweiss.

4. We learned that the FCA lawsuits that Edelweiss had commenced concerned bonds called "Variable Rate Demand Obligations" (or "VRDOs"), which typically are issued by states or municipalities to finance public projects.  The FCA lawsuits, which now have been unsealed, allege that certain Wall Street banks engaged in collusive conduct that inflated the interest rates the banks regularly reset for VRDOs in the marketplace, the cost of which was borne by the states that had issued such securities and were responsible for paying the inflated amounts of interest to VRDO investors.

5. Prior to substantively discussing his cases, I confirmed with Mr. Rosenberg that his communications and exchange of documents and information with WMD would be confidential and for the purpose of obtaining legal advice from WMD, and for potentially engaging WMD as additional counsel to Edelweiss in one or more of the FCA actions.  With this understanding, we analyzed the legal strengths of, and potential challenges to, the claims Edelweiss had alleged in the FCA actions and discussed them with Mr. Rosenberg.

6. Later in approximately May 2016, I introduced Mr. Rosenberg to attorneys at Quinn Emanuel, who joined in such communications and the exchange of documents and information with Mr. Rosenberg for the purpose of Quinn Emanuel also providing legal advice to, and potentially also representing, Edelweiss in its FCA actions. My understanding is that, prior to such time, the Quinn Emanuel attorneys also had not previously known or communicated with Mr. Rosenberg, Blue Rose or Edelweiss.

7. In the course of my discussions with Mr. Rosenberg, I came to learn that he had more than 25 years of experience advising municipalities and other clients on issuing securities with a focus on VRDOs and other types of municipal bonds. He also had owned and managed several companies, such as Blue Rose, that specialized in capital markets transactions, such as VRDO issuances. Through his work, Mr. Rosenberg observed anomalous pricing patterns for VRDO interest rates, which made him suspicious that remarketing agent banks on Wall Street were manipulating and inflating VRDO interest rates, an issue he had investigated and analyzed.

8. As of late 2016, WMD, Quinn Emanuel and Mr. Rosenberg also had begun discussing a potential class action lawsuit on behalf of municipalities alleging that the same or similar collusive rate resetting conduct for VRDOs by certain Wall Street Banks violated the federal antitrust laws, for which Mr. Rosenberg would be retained to render his VRDO expertise to WMD and Quinn Emanuel as a non-testifying litigation consultant. Discussions regarding the potential consultancy continued for an extended period of time into early 2018, with specific terms proposed. During the same period of time, Mr. Rosenberg's continued interest in engaging WMD and Quinn Emanuel a counsel to Edelweiss for the FCA lawsuits also was discussed, with specific terms proposed.

9. By approximately early March 2018, it had been determined that WMD and Quinn Emanuel would not represent Edelweiss in its FCA actions, but that Mr. Rosenberg still would become a litigation consultant to WMD and Quinn Emanuel for the potential antitrust class action lawsuit. On or about March 15, 2018, WMD, Quinn Emanuel and Mr. Rosenberg executed a litigation consulting agreement pursuant to which Rosenberg was engaged as a non-testifying consulting expert for such purpose through his wholly-owned firm, MuniPriceTracker LLC ("MPT"). Pursuant to such agreement, WMD and Quinn Emanuel continued to consult with Mr. Rosenberg regarding VRDO matters in the course of our investigation of what eventually became the Antitrust Class Action. Mr. Rosenberg and MPT confidentially exchanged with WMD and Quinn Emanuel valuable information and documents, provided guidance on the VRDO market, and facilitated introductions to insider witnesses. Such consultancy remained in place up through the filing of the complaint in the Antitrust Class Action on February 20, 2019.

10. The defendants in the Antitrust Class Action have now served a document subpoena upon Edelweiss that seeks the production of, among other things, communications with and for WMD and Quinn Emanuel in connection with Mr. Rosenberg's seeking legal and advice and legal representation for Edelweiss in the FCA actions against certain of the same banks, and/or pursuant to the MPT litigation consulting agreement with WMD and Quinn Emanuel for the Antitrust Class Action. In addition, the defendants in the Antitrust Class Action have served a document subpoena upon each of Mr. Rosenberg and Blue Rose seeking the same protected material.

11. Whereas document subpoena directed to Edelweiss was served in and seeks compliance in Delaware, the document subpoenas directed to Rosenberg and Blue Rose were

served in and seek compliance in Minnesota.  Accordingly, in addition to filing the instant Motion, WMD and its co-counsel for Plaintiffs in the Antitrust Class Action also have filed a motion to transfer, or in the alternative to quash the Rosenberg and Blue Rose subpoenas, in the United States District Court for the District of Minnesota that seeks a ruling on the same issues raised by the Motion in this Court.

12. The Motion also requests in the first instance that this Court transfer Plaintiffs' motion to quash the Edelweiss subpoena to the issuing court presiding over the Antitrust Class Action in the Southern District of New York.  We are aware that Edelweiss, Rosenberg and Blue Rose have legal counsel located in New York, New York, including counsel-of-record for Edelweiss in the New York FCA action, Constantine Canon LLP, who are knowledgeable about the relevant issues and have been actively meeting and conferring with the Antitrust Class Action defendants about, among other things, the subpoena's request for documents protected by the attorney-client privilege and the attorney work product doctrine.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 1, 2022  */s/ David H. Wollmuth*
New York, New York  David H. Wollmuth